JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jay Schnitzer DPM and Rochelle Schnitzer, h/w
935 Edgewood Lane, Langhorne, Pennsylvania 19053

(b) County of Residence of First Listed Plaintiff: **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Brad S. Tabakin, Esquire / Richard A. Wolfe, Esquire   215-525-1616
1000 Germantown Pike, B-3, Plymouth Meeting, Pennsylvania 19462

## DEFENDANTS
Trinity Health
20555 Victor Parkway, Livonia, MI 48152

County of Residence of First Listed Defendant: **Wayne**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1); 28 U.S.C. 1391 (a)(2)
Brief description of cause:
Plaintiff was injured on the Defendants' premises

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 05/29/18
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Jay Schnitzer DPM and
Rochelle Schnitzer, h/w : CIVIL ACTION
v.
Trinity Health and
Record-USA, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (✗)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

05/29/18 _____ Plaintiff
Date         Attorney-at-law        Attorney for

215-525-1616   215-525-5858   brad@twlegal.net
Telephone      FAX Number     E-Mail Address

(Civ. 660) 10/02

# Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 935 Edgewood Lane, Langhorne, Pennsylvania 19053
Address of Defendant: 20555 Victor Parkway, Livonia, MI 48152
Place of Accident, Incident or Transaction: 2500 Northgate Drive, Feasterville, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Brad S. Tabakin, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 05/29/18  _____ Attorney-at-Law  65649 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/29/18  _____ Attorney-at-Law  65649 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAY SCHNITZER, DPM and
ROCHELLE SCHNITZER, h/w
935 Edgewood Lane
Langhorne, Pennsylvania 19053
              Plaintiff,

v.

TRINITY HEALTH
20555 Victor Parkway
Livonia, MI 48152
     and
RECORD-USA, INC.
4324 Phil Hargett Court
Monroe, NC 28105
              Defendants.

NO:

COMPLAINT AND JURY DEMAND

## CIVIL ACTION COMPLAINT

1. Plaintiff, Jay Schnitzer, DPM, is an adult individual residing at 935 Edgewood Lane, Langhorne, Pennsylvania.

2. Plaintiff, Rochelle Schnitzer, is an adult individual residing at 935 Edgewood Lane, Langhorne, Pennsylvania and is the spouse of Jay Schnitzer, DPM.

3. Defendant, Trinity Health (hereinafter referred to collectively as "Defendants" and/or "Trinity Health"), is a Michigan corporation or other entity existing under the laws of the Commonwealth of Pennsylvania; authorized to do business in the Commonwealth of Pennsylvania; and, maintains its principal place of business at 20555 Victor Parkway in Livonia Michigan.

4. Defendant, RECORD-USA, Inc., (hereinafter referred to collectively as "Defendants" and/or "RECORD-USA"), is a corporation or other entity existing under the laws of the North Carolina; authorized to do business in the Commonwealth of Pennsylvania; and, maintains its principal place of business at 4324 Phil Hargett Court, Monroe, North Carolina.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

6. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff avers and incorporates by reference, paragraphs one (1) through six (6) as though same were fully set forth herein.

8. At all times material to this Civil Action, Plaintiff, Jay Schnitzer, DPM, was a business invitee at the Defendant, Trinity Health located at LIFE St. Mary's, 2500 Northgate Drive in Feasterville, Pennsylvania.

9. At all times relevant and material to this Civil Action, Defendant, Trinity Health, jointly and/or severally, owned, controlled, operated, and/or maintained the LIFE St. Mary's medical facility, located at 2500 Northgate Drive in Feasterville, Pennsylvania, including, but not limited to, the doors and entranceways at the facility.

10. At all times material hereto, Defendants, RECORD-USA, jointly and/or severally, manufactured, designed, constructed, fabricated, maintained, installed, specified and/or distributed a low energy pedestrian door located at the co-Defendants' medical facility.

11. Defendants jointly and/or severally, acted or failed to act by and through their respective agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their respective employment with Defendants, Trinity Health and/or RECORD-USA, jointly and/or severally, in furtherance of its business and on their behalf.

12. At all times relevant hereto, the Defendant, Trinity Health, knew and/or should have known that low energy pedestrian doors should have never been installed at a medical facility for the foreseeable reason that at such facilities there will be, and are, anticipated users who cannot tolerate being struck by the door no matter how low its kinetic energy.

13. It is based upon information and belief that the Defendant, Trinity Health, operates many medical facilities. Accordingly, the Defendant, Trinity Health, was well aware of the dangers posed by the low energy pedestrian doors.

14. On November 2, 2016, Plaintiff, Jay Schnitzer, DPM, was a business invitee of the Defendant, Trinity Health, at 2500 Northgate Drive, in Feasterville, Pennsylvania lawfully exiting the facility when the low energy pedestrian doors unexpectedly closed on Plaintiff's, right leg causing significant trauma and injury to Plaintiff's right leg.

### COUNT I
### Plaintiff, Jay Schnitzer, DPM v. Defendant, Trinity Health
### (Negligence)

15. Plaintiff incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

16. As a direct and proximate result of negligence of the Defendant, Trinity Health, Plaintiff, Jay Schnitzer, DPM, sustained severe and grievous injuries hereinafter more fully set forth.

17. The aforesaid incident was due to the negligence and carelessness of Defendant, Trinity Health, who were jointly, severally and/or individually the owner, operator, possessor, manager of the property, jointly and/or severally, and was due, in no way whatsoever, to any act and/or failure to act on the part of Plaintiff, Jay Schnitzer, DPM.

18. The negligence and carelessness of Defendant, Trinity Health, jointly and/or severally, consisted of the following:

    a) allowing and causing a dangerous and defective condition to exist on the aforesaid premises, to wit, the dangerous, defective and inappropriate low

energy doors, which Defendants knew, or should have known, by the exercise of reasonable care;

b) failing to correct said dangerous and defective conditions of which Defendants knew, or should have known, and which constituted a danger to its business invitees lawfully thereon, especially Plaintiff herein;

c) failing to keep and maintain the aforesaid doors in a reasonably safe condition for use by its business invitees, especially Plaintiff herein;

d) failing to give warning or notice of the existence of the dangerous and defective condition of the said doors to its business invitees, especially Plaintiff herein;

e) failing to provide Plaintiff with correct and accurate warnings for the doors;

f) disregarding the rights and safety of Plaintiff;

g) failing to inspect said doors at reasonable intervals in order to determine the condition thereof;

h) failing to exercise due care under the circumstances;

i) failure to repair, fix or cure the aforesaid dangerous condition;

j) violating the applicable ordinances, statutes, codes and/or building codes of the Commonwealth of Pennsylvania as well as industry standards;

l) In creating the unreasonably dangerous condition on the premises;

m) In failing to establish and enforce adequate procedures and precautions to ensure that business invitees, such as Jay Schnitzer, DPM, was not harmed;

n) Failure to post proper signage to the door and its fixtures;

o) Failure to affix sensors the subject door; and

p) Negligence at law.

19. Agents, employees and/or borrowed servants of the Defendant, Trinity Health, were negligent in creating and/or failing to warn of the dangerous condition. The Defendant, Trinity Health negligently failed to provide adequate manpower, equipment, training, and supervision to their agents, employees and/or borrowed servants.

20. Each of the foregoing acts or omissions, singularly or in combination with others constituted negligence, which proximately caused the above referenced occurrence and Plaintiff's injuries and damages.

21. As a direct and proximate result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Jay Schnitzer, DPM, was caused to sustain serious, grievous and permanent injuries including but not limited to large hematoma on the right lower extremity, status post debridement, status post skin graft, development of sacral ulcer, scarring, infection, multiple complications associated with the injuries and treatment, as well as damage to his nerves and nervous system, which injuries have, in the past, and will, in the future, cause Plaintiff great pain and suffering, a serious impairment of his bodily functions and which are or may be permanent in nature.

22. As a direct and proximate result of the negligence of the Defendants, Plaintiff, Jay Schnitzer, DPM, has been, or will be, required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries suffered, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

23. As a direct and proximate result of the negligence of Defendant, Plaintiff, Jay Schnitzer, DPM, has suffered medically determinable physical and/or mental impairment which prevents him from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

24. As a direct and proximate result of the negligence of the Defendant, Plaintiff, Jay Schnitzer, DPM, has or may hereafter incur other financial expenses which do or may exceed amounts which he may otherwise be entitled to recover, all to his great detriment and loss.

25. As a direct and proximate result of the negligence of the defendant, Plaintiff, Jay Schnitzer, DPM, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE**, Plaintiff, Jay Schnitzer, DPM, demands judgment against Defendant,

Trinity Health, jointly and/or severally, in his favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

### COUNT II
### Plaintiff, Jay Schnitzer, DPM v. Defendant, RECORD-USA

26. Plaintiff incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

27. The aforesaid incident was due to the negligence and carelessness of Defendant, RECORD-USA, who was responsible for the installation and service of the low energy pedestrian doors at the Defendant, Trinity Health's, medical facility, responsible for the safety, inspection, cleaning, supervision, maintenance, care, custody, control and/or operation of the doors at the Defendant's medical facility, jointly and/or severally, and was due, in no way whatsoever, to any act and/or failure to act on the part of Plaintiff, Jay Schnitzer, DPM.

28. The negligence and carelessness of Defendant, RECORD-USA jointly and/or severally, consisted of the following:

> a) allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendants knew, or should have known, by the exercise of reasonable care;
>
> b) failing to correct said dangerous and defective conditions of which Defendants knew, or should have known, and which constituted a danger to its business invitees lawfully thereon, especially Plaintiff herein;
>
> c) failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by its business invitees, especially Plaintiff herein;
>
> d) failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to its business invitees, especially Plaintiff herein;
>
> e) failing to follow appropriate standards and guidelines in the design, assembly and installation of the doors;

f) disregarding the rights and safety of Plaintiff;

g) failing to inspect said premises at reasonable intervals in order to determine the condition thereof;

h) failing to exercise due care under the circumstances;

i) failure to repair, fix or cure the aforesaid dangerous condition;

j) Failure to post proper signage to the door and its fixtures;

k) Failure to affix sensors the subject door; and

l) Negligence at law.

26. As a direct and proximate result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Jay Schnitzer, DPM, suffered the damages, injuries and losses hereinabove described.

**WHEREFORE**, Plaintiff, Jay Schnitzer, DPM, demands judgment against Defendant, RECORD-USA, jointly and/or severally, in his favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

### COUNT III
### Plaintiff, Jay Schnitzer, DPM v. RECORD-USA
### (Strict Product Liability)

27. Plaintiff incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

28. Solely as a result of the defective and unreasonably dangerous design and manufacture of the subject product and its component parts as set forth in this Civil Action, the Plaintiff, Jay Schnitzer, DPM, has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section

402 A and 402 B.

29. Defendant, RECORD-USA, modified, fabricated, modeled, remodeled, manufactured and distributed the low energy pedestrian doors and its component parts or were responsible for the specification and design thereof.

30. Defendant, RECORD-USA's, low energy pedestrian doors, and its component parts contained design defects at the time it left said Defendant, RECORD-USA's, control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

31. Defendant, RECORD-USA's, low energy pedestrian doors and component parts contained inadequate warnings at the time it left Defendant, RECORD-USA's, control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

32. The low energy pedestrian doors and component parts was specified and/or modified by Defendant, RECORD-USA, so as to render it in a defective condition, which condition created a danger to intended users thereof.

33. Plaintiff, Jay Schnitzer, DPM, was an intended user of the low energy pedestrian doors.

34. Plaintiff, Jay Schnitzer, DPM, was injured while using the low energy pedestrian doors in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

35. The defective condition of the low energy pedestrian doors and its component parts were the proximate cause of Plaintiff, Jay Schnitzer, DPM's, injuries and losses.

36. The defective condition of the low energy pedestrian doors was a substantial

factor in causing Plaintiffs' injuries and losses.

37. At all times relevant to this cause of action, Defendants, acting by and through their employees, agents and/or workmen, had a duty to act reasonably and prudently in the design, manufacture, installation and/or distribution of the low energy pedestrian doors. Defendants breached this duty, by and among other acts and/or omissions:

- a) by designing, manufacturing, distributing and/or promoting doors that were known to be unreasonably dangerous to the business invitees of the medical facility when involved in a foreseeable use;

- b) by designing, manufacturing, distributing and/or promoting a doors with unsafe opening and closing times which failed to protect a user in a foreseeable use;

- c) failing to warn users of the doors' known dangers to a business invitee of the medical facility;

- d) failing to warn users of the doors' known dangers;

- e) by designing, manufacturing, distributing and/or installing doors with known defects;

- f) installing the doors without adequate and/or operable sensors;

- g) disregarding the rights and safety of Plaintiff in the design and manufacture of the doors; and

- h) by failing to adequately test and/or inspect the design and manufacture of this and other similar low energy pedestrian doors.

38. As a result of the tortuous activity herein-above described Defendants are strictly liable to Plaintiff for his injuries.

WHEREFORE, Plaintiff, Jay Schnitzer, DPM, demands judgment against the Defendant, RECORD-USA, Inc., jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

## COUNT IV
## Plaintiff, Jay Schnitzer, DPM v. Trinity Health
## (Strict Product Liability)

39. Plaintiff incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

40. At all times relevant to this cause of action, Defendants, acting by and through their employees, agents and/or workmen, had a duty to act reasonably and prudently in the design, manufacture, installation and/or distribution of the low energy pedestrian doors. Defendants breached this duty, by and among other acts and/or omissions:

   a) by designing, manufacturing, distributing and/or promoting doors that were known to be unreasonably dangerous to the business invitees of the medical facility when involved in a foreseeable use;

   b) by designing, manufacturing, distributing and/or promoting a doors with unsafe opening and closing times which failed to protect a user in a foreseeable use;

   c) failing to warn users of the doors' known dangers to a business invitee of the medical facility;

   d) failing to warn users of the doors' known dangers;

   e) by designing, manufacturing, distributing and/or installing doors with known defects;

   f) installing the doors without adequate and/or operable sensors;

   g) disregarding the rights and safety of Plaintiff in the design and manufacture of the doors; and

   h) by failing to adequately test and/or inspect the design and manufacture of this and other similar low energy pedestrian doors.

41. As a direct and proximate result of the negligence and carelessness of Defendants herein, jointly and/or severally, Plaintiff, Jay Schnitzer, DPM, suffered the damages, injuries and losses hereinabove described.

**WHEREFORE**, Plaintiff, Jay Schnitzer, DPM, demands judgment against Defendants, Trinity Health and/or RECORD-USA, jointly and/or severally, in his favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

### COUNT V
### JAY SCHNITZER, DPM v. RECORD-USA
**(Breach of Warranty)**

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1-41. as though the same were fully set forth herein.

43. Defendant, RECORD-USA, breached the implied warranty of merchantability and fitness for a particular purpose.

44. Defendant, RECORD-USA, breached the implied warranty of safety for intended use.

45. Defendant, RECORD-USA, breach of the afore-described warranties were a proximate cause of the harm suffered by Plaintiff.

WHEREFORE, Plaintiff, Jay Schnitzer, DPM, demands judgment against the Defendant, RECORD-USA, Inc., jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

### COUNT VI
### JAY SCHNITZER, DPM v. TRINITY HEALTH
**(Breach of Warranty)**

46. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through forty-five (45) as though the same were fully set forth herein.

47. Defendant, Trinity Health, breached the implied warranty of merchantability and fitness for a particular purpose.

48. Defendant, Trinity Health, breached the implied warranty of safety for intended use.

49. Defendant, Trinity Health's, breach of the afore-described warranties were a proximate cause of the harm suffered by Plaintiff.

WHEREFORE, Plaintiff, Jay Schnitzer, DPM, demands judgment against the Defendant, Trinity Health, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

## COUNT VII
## ROCHELLE SCHNITZER v. DEFENDANTS
### (Loss of Consortium)

50. Plaintiff, Rochelle Schnitzer, hereby incorporates by reference the allegations contained in paragraphs one (1) through forty-nine (49), inclusive, of this Civil Action as if the same were set forth herein more fully at length.

51. As a direct and proximate result of the negligence, carelessness and tortious conduct of Defendants herein, jointly, severally and/or individually Plaintiff, Rochelle Schnitzer, as spouse of Plaintiff, Jay Schnitzer, has been deprived of the society, companionship, aid, assistance, earnings and earning power and loss of consortium of said spouse, all of which has and may, in the future, continue to cause her great emotional and financial loss and damage.

WHEREFORE, Plaintiff, Rochelle Schnitzer, demands judgment against the Defendants, Trinity Health and/or RECORD-USA, INC., jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

**TABAKINWOLFE, LLP**

BY: _____
BRAD S. TABAKIN, ESQUIRE
brad@twlegal.net

BY: _____
RICHARD A. WOLFE, ESQUIRE
rich@twlegal.net

1000 Germantown Pike, B-3
Plymouth Meeting, PA  19462
215-525-1616
215-525-5858(fax)

Attorneys for Plaintiffs,
Jay Schnitzer, DPM and Rochelle Schnitzer

Dated: 5/29/18